DeWolf *et al. v.* Long.

WILLIAM F. DeWOLF *et al.*, plaintiffs in error, *v.* GEORGE W. LONG, defendant in error.

*Error to Madison.*

A party intending to rely upon a tender, must keep his tender good by bringing the money into Court. This is as indispensable in Courts of Chancery as in Courts of Law.

A decree that money should be paid to "the owners of the judgment," without determining who those owners are, is objectionable.

When a cause stands upon bill and answer, the complainant admits that all that is stated in the answer is true, whether it be responsive to the bill or not.

When a matter is neither admitted or denied by an answer, it must he substantiated by proof. It is not true, in proceedings in Chancery, that that which is not expressly denied is to be taken as true. By virtue of the statute, if the defendant refuses to appear and answer, or refuses to answer further when his first answer is adjudged insufficient, the bill may be taken *pro confesso.*

BILL IN CHANCERY for an injunction, &c., in the Madison Circuit Court, filed by the defendant in error against the plaintiffs in error. The cause was heard at the May term 1843, when, among other things, a decree was rendered, making the injunction, previously granted, perpetual.

The substance of the bill, answer and decree is stated by the Court.

*J. W. Chickering*, for the plaintiffs in error.

*E. Keating*, for the defendant in error.

The Opinion of the Court was delivered by

CATON, J. The bill in this case states that the Bank of Illinois, on the 30th of September, 1842, recovered a judgment in the Circuit Court of Madison County, against the complainant and two others for the sum of $385·50 and costs, on a note payable to the Bank, when the judgment should have been $364·40, on which judgment the Bank caused an execution to be issued on the 28th day of October, 1842, which was delivered to the sheriff on the 29th day of the same month; and that on the 16th day of December following, the complainant tendered to the sheriff in notes of the said Bank, the sum of $380 and $15 in specie, and demanded a receipt from the sheriff for the same, but that he refused to receive

said notes on the execution, and informed complainant that the judgment had been assigned by the Bank to the present plaintiffs in error, who had directed him to receive nothing but specie on the execution.

The bill further states, that the complainant has ever been ready and willing, and still is ready and willing to pay the amount of said judgment and interest in the bills of the Bank and the amount of the costs in specie, "and now, offers to bring into Court the said sum of three hundred and eighty dollars of said bills and fifteen dollars in specie, for the acceptance of said sheriff or owners of said judgment." The bill further states, that the sheriff has levied the execution on real estate in the county of Madison, and threatens to sell the same, and prays that the defendants answer under oath and for an injunction.

Chickering and DeWolf answer and admit the rendition and assignment of the judgment, and the issuing and levy of the execution as stated in the bill. They further answer that they have no knowledge "that the said complainants tendered at any time to the sheriff the sum of $380 in bills of the said Bank, and fifteen dollars in specie. The answer further states, that soon after the said assignment, the defendant, Chickering, notified the complainant and H. Loomis of the said assignment, and that the property in said judgment was in the defendants below, and that payment thereof must be made to them; that the said assignment was made for a full and adequate consideration. None of the other defendants answered, nor was the bill ever taken as confessed as to them.

No replication was filed, and the case was heard on bill and answer, and a decree was entered making the injunction, which had been previously awarded by the master according to the prayer of the bill, perpetual, "and that the owners of the said judgment receive the amount in said bill alleged, to be tendered in bills or bank notes of the President, Directors and Company of the Bank of Illinois, in full satisfaction of said judgment, &c." To reverse this decree, a writ of error is prosecuted.

Admitting the sufficiency of the tender made to the sheriff,

yet the complainant has not entitled himself to the relief sought, by keeping his tender good.    He should have brought the money into Court and deposited it with the clerk when he filed his bill, so that the other parties might at any time have accepted the tender, and put an end to the litigation.    This is indispensably necessary as well in Courts of Chancery as in Courts of Law.    This question has been distinctly settled by this Court in the case of *Doyle* v. *Teas,* 4 Scam. 267 ; and we think it unnecessary to discuss the question at length at this time.    There is no pretence that that was done in this case.    The bill states that the complainant is now ready and willing, and ever since the time of making the said tender continued ready and willing to pay to the sheriff or owners of the said judgment the amount thereof as it was tendered, " and now offers to bring into Court the said sum of $380 of the bills or bank notes, and $15 in specie, for the acceptance of said sheriff or owners of said judgment."    The decree also goes upon the assumption that no money is in Court subject to its order, for it directs " that the owners of said judgment receive the amount in said bill alleged, *to be* tendered in bills or bank notes of the President, Directors and Company of the Bank of Illinois in full satisfaction," &c.    This very case illustrates the necessity of the money being under the immediate and absolute control of the Court, for here the injunction is made perpetual, so that the hands of the defendants below are forever tied up, so that, in no contingency, can they go on with their execution.    And yet they have no assurance of receiving the money that was once tendered to the sheriff, nor does the decree specify to whom that new tender should be made.    It says to " the owners of said judgment," without determining who those owners are.    That is left entirely to inference.

But there is another and not less fatal objection to this decree.    It must be remembered that this case stands on bill and answer, so that the complainant admits that all that is stated in the answer is true, whether it be responsive to the bill or not, and that he has no ground of relief, except

DeWolf *et al. v.* Long.

the facts which are substantially admitted in the answer to be true. By looking into the answer it will be seen, that the tender which is the whole substratum of the complainant's equity as stated in the bill, is no where admitted. It is true it is not expressly denied, but it is said they have no knowledge on the subject. When a matter is neither admitted or denied by the answer it must be substantiated by proof. It is not true, in proceedings in Chancery, that that which is not expressly denied is to be taken as admitted. It is true that by virtue of our statute, if the defendant refuses to appear and answer, or refuses to answer further when his first answer is adjudged insufficient, the bill may be taken *pro confesso*. Formerly, such a thing was not known as taking a bill for confessed, for it was absolutely necessary to give the Court jurisdiction of the subject matter, for the defendant to appear and answer. And it was not till the passage of 5 Geo. 2, Ch. 25, (the provisions of which on this subject were continued in 1 Will. 4, Ch. 36,) that the Court could proceed without answer. By that Act the Court was authorized to take a bill *pro confesso*, and enter a decree upon it, after all the coercive process of the Court had been ineffectually used to compel an answer. Lord Hardwick held under the British statutes, that where an insufficient answer was put in, to which an exception was allowed, and the party refused to answer further, the entire bill might be taken for confessed. 4 Ves. 619, (*a.*) It is clear, then, that without the aid of the statutes, the complainant can obtain no relief, unless the facts on which he relies are admitted in the answer or are substantiated by proof. No advantage can be taken of the omission on the part of the defendant to answer fully unless exceptions are filed. If they are sustained and the party refuses to answer sufficiently as before stated, the entire bill may be taken for confessed and a decree made accordingly. It is true, in Kentucky a different doctrine prevails. The well settled rule in that State is, if a defendant omit to answer and deny any matter charged in the bill, of which he must have personal knowledge, they will consider that fact as admitted on

DeWolf *et al. v.* Long.

the hearing; otherwise, however, if it does not appear from the nature of the case, that the defendant must have personal knowledge on the subject. We have no doubt that in establishing this rule the Courts of that State have been governed by some local statute, for they could have found no such rule in the practice of the English Courts, that we have been able to discover.

Here, there having been no replication put in to this answer, and consequently no proof of this allegation of tender which is rather denied than admitted in the answer, there is nothing left on which the complainant can expect to obtain the relief sought.

As we find no tender was made, as is alleged in the bill, it is not necessary, if it were even proper, for us to say what might have been a good tender if one had been proved. We therefore abstain from expressing any opinion on the question, whether the complainant had a right to pay the amount of the judgment at law in the notes of the Bank of Illinois.

The decree must be reversed, the injunction dissolved and the bill dismissed with costs.*

*Bill dismissed.*

---

* A petition for a re-hearing was filed in this case, which the Court *denied.*